

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L...

2009 JAN -8 PM 4: 27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LINDELL E. GILBERT JR.<br>INDIVIDUALLY AND ON BEHALF<br>OF LINDELL E. GILBERT III.<br>JOINED BY JESSICA JAMES<br>       Plaintiff. | *<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION **09 - 0064**<br>CASE NO.<br>SECTION **SECT.R MAG2**<br>MAGISTRATE |
| VS. | *<br>* | |
| OCHSNER HEALTH SYSTEM<br>AND/OR OCHSNER CLINIC<br>FOUNDATION AND/OR OCHSNER<br>HOSPITAL MGT. SERVICES CORP.<br>AND NELLCOR PURITAN<br>BENNETT INCORPORATED<br>       Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* | JURY DEMAND |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**PLEASE TAKE NOTICE** that defendant, Nellcor Puritan Bennett Incorporated

("Nellcor"), through undersigned counsel, pursuant to 28 U.S.C. §§1332 and 1441,

respectfully removes from the Twenty-Fourth Judicial District Court for the Parish of

Jefferson, State of Louisiana, in which this case is now pending under the name and style

*Lindell E. Gilbert, Jr., individually and on behalf of Lindell E. Gilbert, III, joined by*

1

Fee $350.
Process
Dktd
CtRmDep
Doc. No.

*Jessica James vs. Ochsner Health System and/or Ochsner Clinic Foundation and/or Ochsner Hospital Management Services Corporation, and Nellcor Puritan Bennett Incorporated*, Civil Action No. 654,637, Division "L" (hereinafter referred to as the "State Court Action"), to the United States District Court for the Eastern District of Louisiana.  In support of this Notice of Removal, Nellcor avers as follows:

## I.    CASE BACKGROUND

1.    On January 8, 2008, plaintiffs filed the State Court Action, and Nellcor was served through its agent for service of process on January 14, 2008.  A copy of the Petition is attached hereto as Exhibit "1."

2.    In the State Court Action, plaintiffs allege the following: that on October 8, 2006, Baby Gilbert was born to plaintiffs, Lindell E. Gilbert, Jr. and Jessica James.  Baby Gilbert displayed signs and symptoms of respiratory distress and was diagnosed with respiratory distress syndrome.  On January 4, 2007, Baby Gilbert underwent a supraglottoplasty procedure, which was completed successfully, and he was moved to the NICU unit at Ochsner Hospital for further treatment and care.  Baby Gilbert began experiencing epiglottic prolapse, and he was intra-operatively intubated to assist with breathing.  Baby Gilbert self-extubated on January 7, 2007, and was re-intubated by the Ocshner neonatal nurse practitioner shortly thereafter.  Using a carbon dioxide ($CO_2$) detector device, and later a chest x-ray, the nurse confirmed proper placement of the endotracheal tube.  Shortly thereafter, Baby Gilbert's heart rate began to decrease, and

2

the neonatal nurse rechecked the $CO_2$ detector which still showed a color change to yellow. But Baby Gilbert's heart rate continued to drop. A second chest x-ray revealed that the endotracheal tube was malpositioned, and a second $CO_2$ detector displayed no color change. Although a neonatologist who had arrived on scene was able to properly reintubate Baby Gilbert, blood work revealed that the infant had suffered a critical anoxic injury. He was later confirmed to have a terminal prognosis, and plaintiffs removed life support on February 23, 2007.

3.      Named defendant herein is Nellcor Puritan Bennett Incorporated, who plaintiffs allege manufactured the $CO_2$ detector used by the neonatal nurse to confirm proper placement of the endotracheal tube. Plaintiffs further allege that Nellcor is liable to them for violations of the Louisiana Products Liability Act because the $CO_2$ detector was defective. Plaintiffs claim that the alleged defects in the $CO_2$ detector caused loss of enjoyment of life, medical expenses, funeral expenses, physical pain and suffering, loss of consortium, society, love and affection, mental anguish, and ultimately, the death of Baby Gilbert.

4.      Plaintiffs also named as a defendant Ochsner Clinic Foundation ("Ochsner"). Against Ochsner, plaintiffs solely allege spoliation of evidence, a claim that does not fall within the purview of the Louisiana Medical Malpractice Act. Plaintiff asserts that, despite repeated requests, Ochsner failed to provide a certified copy of the x-ray films or radiology report for the first chest x-ray, which allegedly showed proper placement of the endotracheal tube.

3

## II.   BASIS FOR REMOVAL

5.    28 U.S.C. §1441 provides that "Any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Furthermore, 28 U.S.C. §1332 provides that "District courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states . . . ." Because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this matter.

### A.   The Amount-In-Controversy Requirement Is Satisfied.

6.    In the State Court Action, plaintiffs do not allege a specific amount in controversy; however, pursuant to La.C.C.P. Art. 893(a)(1), as amended by Acts 2004, No. 334, when a claim is for less than the requisite amount for the exercise of federal jurisdiction, plaintiff is *required* to so allege in the petition.  Here, the petition contains no such limitation.   This creates a "strong presumption" in favor of federal court jurisdiction.  See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938).  See also *Haydel v. State Farm Mutual Automobile Insurance Company*, 07-939 (M.D.La. 07/10/08), 2008 WL 2781472 at *5 ("this court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in

4

controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional amount determination").

7.    Where, as here, the Petition fails to include a jurisdictional statement or where it is not otherwise facially apparent from the face of the Petition that the amount in controversy is satisfied, the defendant can set forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. See *Blacker v. State Farm Fire & Cas. Co.*, 07-7706 (E.D.La. 05/08/08), 2008 WL 2018296 at *1, quoting *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)); see also *Hamilton v. Family Dollar Stores, Inc.*, 2005 WL 3050997 at *1 (W.D.La. 11/10/05), quoting *Garcia v. Koch Oil Company of Texas, inc.*, 351 F. 3d 636, 639 (5th Cir. 2003) (if the value of the claims is not apparent, a defendant may support federal jurisdiction by setting forth facts, either in the removal petition or by affidavit, that support a finding of the requisite amount.)  While the Petition does not contain any type of jurisdictional statement,  the type of injury alleged herein, to wit, wrongful death of an infant, strongly suggests that the requisite amount in controversy is not in dispute. See *Printworks, Inc. v. Dorn Co., Inc.*, 869 So.2d 436, 439 (E.D.La. 10/17/94), citing *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 12/22/93) (the court has said that it is facially apparent that the amount in controversy exceeds the jurisdictional amount at the time of removal where the alleged injuries include wrongful death, terror in anticipation of death, loss of companionship and funeral expenses).  Given the existence of such allegations in this

case, it is clear that the amount in controversy requirement it satisfied.

**B.     Due To The Improper Joinder Of Ochsner, The Diversity Of Citizenship Requirement Is Satisfied.**

8.     Plaintiffs allege that they are both persons of the full age of majority and domiciliaries of the Parish of Jefferson, State of Louisiana.  Further, defendant, Nellcor, is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.  The Ochsner defendants are alleged to be and are in fact Louisiana corporations licensed to do and doing business in the State of Louisiana.     Nellcor contends, however, that said Ochsner defendants have been improperly joined, therefore, their domiciles should not be considered for removal purposes.[1]

9.     The spoliation claim against Ochsner arose because the chest x-ray films were time stamped at 1:54:21 a.m. and 2:53:17 a.m.; however, the radiology reports were timed at 0651 hours and 0652 hours, respectively.   Since the times on the films and reports differed, there was some question as to whether Ochsner had in fact preserved all of the medical record and films relative to the events giving rise to this lawsuit; however, the dispute that had existed with regard to the completeness of Ochsner's records was resolved on or about April 2, 2008 (Exhibit "2").

---

[1] The Fifth Circuit departed from its use of the term "fraudulent joinder" and adopted the term "improper joinder", noting that the term "improper joinder" is more consistent with the language of 28 U.S.C. § 1359. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 571-72 (5th Cir. 2004).

10.     This case was not removable within thirty (30) days of service of the first served defendant because at that time there existed a viable claim against a non-diverse defendant; however, the spoliation against Ochsner, the non-diverse defendant, was resolved around April 2, 2008, and plaintiffs' spoliation claim against Ochsner became moot. Nellcor was not privy to the communications that culminated in the resolution of the spoliation claim, and in fact it was not provided with the April 2 correspondence until December 9, 2008 (Exhibit "3").

### C.     This Removal Is Timely And Proper.

11.     Pursuant to 28 U.S.C. § 1446(b), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." Since plaintiffs' Petition stated a claim for spoliation against a non-diverse defendant, this case was not removable within thirty days of service; however, the April 2 correspondence, which Nellcor did not receive until December 9, 2008, constitutes receipt of "other paper" upon which it could first be ascertained that the case is one that had become removable. Nellcor has filed the instant *Notice of Removal* within thirty days of receiving evidence that the spoliation issue has been resolved and within one year

7

of the date the Petition was filed; therefore, removal is timely and proper. Based on the foregoing, the proper parties are completely diverse in their citizenship and the court has original jurisdiction pursuant to 28 U.S.C. §1332. Nellcor is therefore entitled to remove this action to federal court pursuant to 28 U.S.C. §1441.

12.     This removal is made with Nellcor reserving all rights to assert and plead any and all defenses to the claim, including, but not limited to, those defenses specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

13.     Pursuant to 28 U.S.C. §1446(d), Nellcor has provided appropriate notice of this removal to plaintiffs and to the Clerk of the Civil District Court for the Parish of Jefferson, State of Louisiana. A copy of the Notice is attached as Exhibit "4."

14.     Pursuant to 28 U.S.C. §1446(a), Nellcor has requested a copy of the entire state court record and will supplement the record within ten (10) days of filing of the Notice of Removal.

15.     Pursuant to 28 U.S.C. §1447(b), Nellcor will file with this court within ten (10) days the following:

      (a)     A list of all parties still remaining in this action;

      (b)     A copy of all pleadings, including answers, filed by those parties in state court;

      (c)     Copies of returns on service of process on those parties filed in state court.

**WHEREFORE**, defendant, Nellcor Puritan Bennett Incorporated, respectfully

prays that the above action now pending in the Twenty-Fourth Judicial District Court for

the Parish of Jefferson, State of Louisiana, Docket No. 654,637, Division L, be removed

from that state court to the docket of the United States District Court for the Eastern

District of Louisiana.

Respectfully submitted,

**Stanton E. Shuler, Jr., #19152 (T.A.)**
E-mail: sshuler@leakeandersson.com
**Lauren Fajoni Bartlett - #28311**
E-mail: lbartlett@leakeandersson.com
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel:  504/585-7500
Fax:  504/585-7777
*Attorneys for Defendant, Nellcor Puritan*
*Bennett Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically filed this date

and delivered to all counsel of record by notice of electronic filing by the court, by

depositing a copy of same in the United States mail, first class postage prepaid, by hand

delivery or by facsimile transmission, this 8th day of January, 2009, at their last known

address of record.

CP/39127/97

9